PETITION OF DAVID WARNICK.

No. 13071.
Decided June 25, 1975.
536 P.2d 1193.

OPINION

PER CURIAM:

This is an original proceeding in which David Warnick, an inmate of the Montana State Prison, appearing pro se, petitions for a writ of habeas corpus. He alleges that his deferred imposition of sentence was revoked at a hearing at which he did not have the benefit of counsel. He further alleges that he did not intelligently waive the assistance of counsel.

The transcript of the revocation hearing discloses that at the commencement thereof the court stated to petitioner:

"David, you have gotten a copy of the report of violation before you at this time, and do you desire to have counsel to represent you at this hearing? On a violation similar to this you do have the right to have counsel. You also have the right to waive counsel.

"MR. WARNICK: I will waive counsel."

The only witness for the State was the district probation officer and at the conclusion of his testimony the record discloses:

"THE COURT: At this time, David, you would have the opportunity to ask any questions of this witness only as to the truth or falsity of the statements that he made.

"MR. WARNICK: No questions.

"THE COURT: In other words, this is the only witness that the State is going to put on. If you are not going to make any statement the only testimony before the Court here is the testimony of Bernie Driscoll that you did violate the terms and conditions of your deferred imposition of sentence. You understand that?

"MR. WARNICK: Yes.

"* * *

"THE COURT: David, it is your Constitutional right to take the stand and make any statements that you want in your own behalf. Again, this is a personal right and privilege and you do not have to. Any statements that you do make would be considered as evidence in this matter and can be held against you. Do you desire to make any statement at this time?

"MR. WARNICK: Yes. Suppose this restitution was paid in full, how would this bear on the matter of me being violated?

"THE COURT: You would still be violated on the drinking. This was a package deal, that you abstain from drinking and attend the A.A. meetings and make restitution. And I feel you haven't complied with any of the three.

"MR. WARNICK: That is all I have to say then."

From these quoted portions of the record it would appear that petitioner was well aware of his right to counsel and intelligently waived that right. In further comment at the hearing the court stated:

"You certainly can't say that the court hasn't given you

an opportunity, because this is actually your third felony conviction."

For these reasons the writ is denied and this proceeding is, dismissed.